WILBARGER COUNTY v. W. P. BEAN, ADM'R, ETC.

(No. 3274.)

APPEAL from Wilbarger County. Opinion by WILL-SON, J.

*(Transferred from Austin.)*

FRANK MCGHEE and D. R. BRITT, counsel for appellant.

No counsel appeared for appellees.

§ 16. *Alteration of written instrument; rules as to; case stated.* T. L. Stewart was appointed by the commissioners' court of Wilbarger county collector of taxes for said county. He presented to said court his official bond as such collector, with the names Geo. W. Darby, Paul Hoefle, T. P. Stamy, W. P. Bean, H. Chowning, S. Chowning and J. T. Ligon signed thereto as sureties. Ligon was a non-resident of Wilbarger county, and the commissioners' court, without the knowledge or consent of the other sureties on the bond, erased the name of said Ligon therefrom, and approved the bond without his signature thereto. Stewart entered upon the discharge of the duties of the office under the bond thus altered and approved, and continued to exercise the functions of said office until his death. W. P. Bean was appointed and qualified as administrator of Stewart's estate. Wilbarger county claimed that Stewart was due said county as tax collector $327.70 for taxes collected and not accounted for by him. This claim, duly authenticated, was presented to said administrator, and by him rejected. Thereupon the county instituted this suit against said adminis-

trator and said sureties, upon the said official bond, to recover said sum. Defendants answered by a single plea, alleging the said alteration of the bond, and claiming that they were thereby released from all liability upon said bond. The judge by whom the case was determined, a jury having been waived, sustained the plea as to all the defendants, and rendered judgment against the plaintiff for the costs. *Held:* It is well settled law that a material alteration of a bond signed by a surety will discharge such surety, if made without his consent. Thus, where several sureties signed a bond, and the name of one of them was erased therefrom with the consent of some of the sureties, and without the consent of others, it was held that those who consented remained bound, but that those who did not consent were discharged. [Smith v. United States, 2 Wall. 219. See, also, State v. Blair, 32 Ind. 313; Brandt on Sur. & Guar. § 335.] Upon this subject the law applicable to notes is applicable also to bonds. . " The contract by which a surety becomes bound is voluntary on his part, without profit or advantage, and without having in view the prospect of gain. It is an act of benevolence to the obligor, and of convenience to the obligee, and of emphatic use to both. The obligations of social duty require, therefore, that he should be dealt with in fairness and in a spirit of the utmost good faith. The obligor and obligee are bound to know that, if they find it convenient to change or vary the terms of the original contract, they must seek the assent of the surety, because it is his contract as well as theirs, and if they will not do so they take upon themselves the hazard, and thus loosen the bonds of the surety." [Hobbs v. Rue, 4 Pa. St. 348; Harsh v. Clepper, 28 Ohio St. 200; Brandt on Sur. & Guar. § 331.] In the case at bar the alteration made was a material one. It was made by the commissioners' court, the legal representative of Wilbarger county, the real obligee in the bond, and was made without the knowledge or consent of the sureties. It was such an alteration, and made

under such circumstances, as in law operates to discharge the sureties from all obligation upon the bond.

§ 17. *Tax collector's bond; alteration of, by commissioners' court; effect of, as to liability of sureties.* It is urged by appellant's counsel that the general rules applicable to the alteration of written instruments do not govern in this case, because this bond was subject to the action of the commissioners' court, and did not become a binding obligation until it had been approved by that court, and that said court had the right, and it was its duty, to erase the name of Ligon from said bond, because he was a non-resident of the county. It is true that the bond did not become operative until approved by the commissioners' court. [R. S. art. 4734; State v. Wells, 61 Tex. 562.] It is also true that it would have been a violation of the Penal Code, by said commissioners, had they approved the bond with the name of a non-resident of the county signed thereto as a surety. [P. C. art. 255.] But notwithstanding these statutes, we cannot see that the court was justified in thus materially altering the bond, and then approving it as altered, without the consent of the remaining sureties. After such alteration it was no longer the contract of the sureties. It was no longer the obligation which had been submitted to the court for its action. All that the court could lawfully do was to reject the bond, or obtain the consent of the sureties to its alteration and then approve it. We think the same rules govern this alteration that govern in other cases, and that by such alteration the sureties were discharged.

§ 18. *Principal obligor; not discharged from liability by alteration of bond, when.* But such alteration did not have the effect to discharge Stewart, the principal obligor. By assuming the office by virtue of the bond, and exercising the functions and receiving the emoluments of such office, he consented to and ratified the alteration made in the bond, and is estopped from denying the validity of the obligation. The judgment in favor of the

sureties is affirmed, but as to the administrator of Stewart is reversed, and judgment here rendered against the estate of·Stewart in favor of appellant·for the sum sued for, interest and costs.

November 4, 1885.